Amberlea Davis NV Bar #11551
LAW OFFICES OF AMBERLEA DAVIS
501 S. 6th Street
Las Vegas, NV 89101
(702) 440-8000
Amber@sheismylawyer.com
Attorney for Creditor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | 23-11306-nmc |
| | ) | |
| | ) | Chapter 7 |
| KWANG BIN NA | ) | |
| | ) | MOTION FOR RELIEF |
| Debtor | ) | FROM AUTOMATIC STAY |
| | ) | |
| | ) | Date:  October 24, 2023 |
| | ) | Time:  1:30 PM |

Creditor Hao Lin  ("Lin") hereby moves this court pursuant to 11 U.S.C.  § 362 for relief from the automatic stay with respect to an unlawful detainer action related to real property commonly known as 7612 Borealis Street, Las Vegas, NV 89123 ("Subject Property").   In particular Creditor requests that this Court issue an Order allowing Creditor to continue eviction proceedings against Debtor.  Creditor asks for relief based on 11 U.S.C. §§362(d)(1) and (d)(2). This motion is supported by the attached Memorandum of Points and Authorities and any testimony the court may entertain.

The Creditor states as follows:

## FACTUAL BACKGROUND

On or about August 15, 2019, Creditor as Landlord and Debtor as Tenant, entered into a Residential Lease ("Lease") [Exhibit A, Lease] for the Subject Property. Pursuant to the Lease, the term of tenancy commenced on August 15, 2019 and continued until August 14, 2020. The Lease then renewed as a month-to-month tenancy.  The monthly rent was originally $1635 but was increased to $2035. Creditor remains in the property as of filing.

1

Debtor fell behind in September 2022 and has made no additional payments. In April 2023, Creditor filed for summary eviction based on a pay or quit notice. Debtor filed for bankruptcy on April 4, 2023.  Currently the rental arrearage is more than $26,000 with $12,210 being post-petition debt.

### Relief from Stay is Proper Pursuant to 11 U.S.C. §362(d)(1)

"Cause" exists under 11 U.S.C. §362(d)(1) to lift the automatic stay as Debtor continues to occupy the property without compensating the Creditor. The rent is due monthly and Debtor has fallen further behind post-petition. Consequently, strong "cause" exists to lift the automatic stay.

### Relief from the Stay is Property under 11 U.S.C. §362(d)(2)

Pursuant to 11 U.S.C. §362(d)(2), the Court may terminate the automatic stay, with respect to a stay of an act against property, if the debtor does not have an equity in the property and if such property is not necessary to an effective reorganization.  Debtor is a tenant of the property in question and consequently has no equity in the property.  Moreover, as the subject property is not part of the bankruptcy estate, it is not necessary for an effective reorganization.  Consequently, the automatic stay should be lifted to allow the eviction process to proceed.

### CONCLUSION

Relief from the stay is appropriate under 11 U.S.C. §362(d).  "Cause" for relief exists as the Creditor will suffer undue financial hardship should the Property remain protected by §362. Relief is also appropriate under §362(d)(2) because the Debtor has no equity in the property and because it is not necessary for an effective reorganization.

…

…

…

**WHEREFORE**, the Creditor respectfully prays that this Honorable Court:

1. Grant the Creditor relief from the stay and to allow Creditor to repossess the Property and evict the Debtor from the Property;

2. Grant the Creditor any such relief as the Court deems appropriate.

DATED September 20, 2023.

RESPECTFULLY SUBMITTED:

 /s/ *Amberlea Davis*
AMBERLEA DAVIS Bar # 11551
501 S. 6th Street, Las Vegas, NV 89101
Telephone: 702-380-4274
Fax: 702-380-8496
Amber@sheismylawyer.com
*Attorney for Hao Lin*

3

1

2

3

4

5

6

7

8   Amberlea Davis NV Bar #11551
    LAW OFFICES OF AMBERLEA DAVIS
9   501 S. 6th Street
    Las Vegas, NV 89101
10  (702) 440-8000
    Amber@sheismylawyer.com
11  Attorney for Creditor

12

13              **UNITED STATES BANKRUPTCY COURT**
                    **DISTRICT OF NEVADA**

14  In re:                        )       23-11306-nmc
                                  )
15                                )       Chapter 7
                                  )
16  KWANG BIN NA                  )
                                  )       MOTION FOR RELIEF
17   Debtor                       )       FROM AUTOMATIC STAY
                                  )
18                                )       Date:  October 24, 2023
                                  )       Time:  1:30 PM
19

20          **[PROPOSED] ORDER TERMINATING THE AUTOMATIC STAY**

21          The Motion for Relief from Stay having been properly served, the Court makes its Order

22  as follows:

23

24

25

                                          4

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled Bankruptcy case shall be terminated as to the Debtor in favor of Movant, as it pertains to the certain premises located at 7612 Borealis Street, Las Vegas, NV 89123.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Creditor may go forward with all remedies to which he is entitled, to take possession of said real property, using state court proceedings to do so, if necessary.

RESPECTFULLY SUBMITTED:

 /s/ Amberlea Davis
AMBERLEA DAVIS Bar # 11551
501 S. 6th Street, Las Vegas, NV 89101
Telephone: 702-380-4274
Fax: 702-380-8496
Amber@sheismylawyer.com
*Attorney for Creditor HAO LIN*

5

**ALTERNATIVE METHOD RE: RULE 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirement set forth in LR 9021(1).

____ No party appeared at the hearing or filed an objection to the motion.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

RESPECTFULLY SUBMITTED:

 /s/ Amberlea Davis
AMBERLEA DAVIS Bar # 11551
501 S. 6th Street
Las Vegas, NV 89101
Telephone: 702-380-4274
Fax: 702-380-8496
Amber@sheismylawyer.com
*Attorney for Creditor*

6

# CERTIFICATE OF SERVICE

On September 20, 2023, I duly served the following documents:

- Motion for Relief from Stay

- Proposed Order

Via the Court's Electronic Filing System to all listed parties receiving notice pursuant to the

Court's CM/ECF system.

DATED: <u>September 20, 2023.</u>

/s/ Amberlea Davis
Attorney for Creditor

# Exhibit A
# Lease





BLUEPRINT
REALTY

# RESIDENTIAL LEASE AGREEMENT
for

7612  Borealis St _____ Las Vegas _____ NV ____ 89123 ____
(Property Address)

1 **1. This AGREEMENT** is entered into this __15th__ day of __August__, 20 19 between
2 OWNER'S Name: _____ Hao Lin _____, OWNER'S Name: _____
3 (collectively hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and
4 TENANT's Name: _____ Kwang Bin Na _____ TENANT's Name: _____
5 TENANT's Name: _____ TENANT's Name: _____
6 (collectively, "TENANT"), which parties hereby agree to as follows:
7

8 **2. PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to the
9 terms and conditions of the lease, the Premises known and designated as __7612  Borealis St__
10 _____ Las Vegas _____ NV ____ 89123 ____ ("the Premises"). Premises Mail Box #_____,
11 Parking Space # _____, Storage Unit # _____, Other _____
12

13 **3. TERM:** The term hereof shall commence on ____08/15/19____ and continue until ____8/14/20____, with
14 a total rent of $ __19,620.00__, then on a month-to-month basis thereafter, until either party shall terminate the
15 same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation
16 based on 30 day month), as governed by paragraph 23 herein.
17

18 **4. RENT:** TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of
19 __1,635.00__ **per month** on the first day of each calendar month as Periodic Rent,
20 at _____
21 or at such other place as LANDLORD may designate in writing.
22

23 **5. SUMMARY:** The initial rents, charges and deposits are as follows:
24
25

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From 08/15/19 . To 09/14/19 | $ 1600 | $ | $ 1600.00 |
| Security Deposit | $ 1700 | $ | $ 1700.00 |
| Key Deposit | $ 100 | $ | $ 100.00 |
| Key Fee (non-refundable) | $ | $ | $ |
| Admin/Credit App Fee (non-refundable) | $ 75 | $ 75 | $ |
| Pet Deposit | $ | $ | $ |
| Pet Fee (non-refundable) | $ | $ | $ |
| Cleaning Deposit | $ 400 | $ | $ 400.00 |
| Cleaning Fee (non-refundable) | $ | $ | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ 35 | $ | $ 35.00 |
| Pre-Paid Rent | $ | $ | $ |
| Pro-Rated Rent for | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| **TOTAL** | $ 3910.00 | $ 75.00 | $ 3835.00 |

Property 7612  Borealis St _____ Las Vegas ____ NV __ 89123
Owner's Name _____ Hao Lin _____    Owner's Name _____ Hao _____
Tenant _____ Kwang Bin Na _____ Initials K.N.    Tenant _____ Initials _____
Tenant _____ Initials _____    Tenant _____ Initials _____

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
ywy2k800@gmail.com                                                    Instanet

**6. ADDITIONAL MONIES DUE:** _____

_____

_____

_____

**7. ADDITIONAL FEES:**

    **A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ ____100____ OR ____% of the Periodic Rent.

    **B. DISHONORED CHECKS:** A charge of $ __35__ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

    **C. ADDITIONAL RENT:** All dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape/pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

**8. SECURITY DEPOSITS:** Upon execution of this Agreement,

TENANT's Name:_____**Kwang Bin Na**_____ TENANT's Name:_____

TENANT's Name:_____ TENANT's Name:_____

shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

Property _**7612  Borealis St**_____ _**Las Vegas**_ NV  89123

Owner's Name _____**Hao Lin**_____ Owner's Name _____*Hao*_____

Tenant _____**Kwang Bin Na**_____ Initials _**K.N**_ Tenant _____ Initials _____

Tenant _____ Initials _____ Tenant _____ Initials _____

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com    Instanet

**9. CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ ___500___ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:

    ___2___ Door key(s)       ___2___ Garage Transmitter/Fob(s)        Pool Key(s)
    ___1___ Mailbox key(s))          Gate Card/Fob(s)          Other(s)
    _____ Laundry Room key(s)      Gate Transmitter/Fob(s)        Other(s)

TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD.  The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space.  TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to ___6___ persons and shall be used solely for housing accommodations and for no other purpose.  TENANT represents that the following person(s) will live in the Premises:

_____

_____

**15. GUESTS:** The TENANT agrees to pay the sum of $ ___50.00___ per day for each guest remaining on the Premises more than ___15___ days.  Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___30___ days.

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:

| Electricity ___T___ | Trash ___O___ | Trash Can Rental: ___N/A___ | Phone ___T___ |
|---|---|---|---|
| Gas ___T___ | Sewer ___O___ | Cable ___T___ | Other _____ |
| Water ___T___ | Septic ___N/A___ | Association Fees ___O___ | Other _____ |

    a.  TENANT is responsible to connect the following utilities in TENANT'S name: Power, Water, Gas,

| Property ___7612 Borealis St___ | | Las Vegas | NV | 89123 |
|---|---|---|---|---|
| Owner's Name ___Hao Lin___ | | Owner's Name ___Hao___ | | |
| Tenant ___Kwang Bin Na___ | Initials ___K.N.___ | Tenant _____ | Initials _____ | |
| Tenant _____ | Initials _____ | Tenant _____ | Initials _____ | |

Cable, Telephone, etc.

b.  LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: Trash & Sewer will remain under owner's name. The $35.00 monthly pro-ration of those fees is included in the monthly rent

c.  No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.  If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.  TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.  Other: _____
_____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:** No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $ __N/A__ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD's AGENT as additional insureds. A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises. If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21. TENANT further agrees to pay an immediate fine of $ __500.00__ . TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

**19. RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
_____
_____

Property  7612 Borealis St                                    Las Vegas          NV    89123
Owner's Name    Hao Lin                          Owner's Name        Hao
Tenant    Kwang Bin Na            Initials K.N.    Tenant                    Initials
Tenant                           Initials            Tenant                    Initials

Residential Lease Agreement Rev. 07/19        © 2019 Greater Las Vegas Association of REALTORS®                Page 4 of 12

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com

1     **TENANT shall not conduct nor permit any work on vehicles on the premises without the express written**
2     **consent of the Owner.**
3

4     **20. ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent.
5     Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the
6     Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture
7     permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD,
8     TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or
9     improvements if requested by LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.
10

11     **21. DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any
12     Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or
13     TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default,
14     LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall
15     issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related
16     to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies
17     available.
18

19     a.   FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not
20         attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply
21         any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit
22         shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or
23         deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT
24         leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit
25         shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the
26         TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by
27         TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from
28         LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy
29         available by law, equity or otherwise.
30     b.   TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if
31         TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection
32         Agency. TENANT understands and acknowledges that LANDLORD/Owner may give an Attorney or a Collection
33         Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any
34         other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any
35         liability in relation to the release of any personal information to these entities.
36

37     **22. ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver
38     of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to
39     waive any right of LANDLORD or affect any notice of termination or eviction.
40

41

42     a.   ABANDONMENT. LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the
43         Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic
44         rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended
45         absence.
46

47     b.   If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the
48         following rights: LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability

| Property | 7612 Borealis St | | | Las Vegas | NV | 89123 |
|---|---|---|---|---|---|---|
| Owner's Name | Hao Lin | | Owner's Name | Hao | | |
| Tenant | Kwang Bin Na | Initials K.N. | Tenant | | Initials | |
| Tenant | | Initials | Tenant | | Initials | |

Residential Lease Agreement Rev. 07.19     © 2019 Greater Las Vegas Association of REALTORS®             Page 5 of 12

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
ywy2k800@gmail.com

Instanet

to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.

LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by _____10_____%.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows:
Hao Lin @801-706-0315 or
kearnt@hotmail.com

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $ ___200.00___. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

b. TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c. LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

Property 7612 Borealis St                                        Las Vegas        NV    89123

| Owner's Name | Hao Lin | | Owner's Name | Hao | |
|---|---|---|---|---|---|
| Tenant | Kwang Bin Na | Initials K.N. | Tenant | | Initials |
| Tenant | | Initials | Tenant | | Initials |

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
01.0000mmail.com

Instanet

to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.

LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement**. In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by ____10____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows:
Hao Lin @801-706-0315 or
kearnt@hotmail.com

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $ __200.00__. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

b. TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c. LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

Property  7612  Borealis St                                    Las Vegas          NV      89123
Owner's Name _____Hao Lin_____          Owner's Name _____Hao_____
Tenant _____Kwang Bin Na_____ Initials _K.N._    Tenant _____ Initials _____
Tenant _____ Initials _____    Tenant _____ Initials _____

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
ywy2k800@gmail.com                                                    Instanet

d.  There _____ is –OR– _x_ is not a landscape contractor whose name and phone number are as follows:

_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner.  LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees.  TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees.  If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost.  Said costs shall immediately become additional rent.

e.  There _____ is –OR– _x_ is not a pool contractor whose name and phone number are as follows:

_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner.  LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any.  TENANT agrees to maintain the water level, sweep, clean and keep in good condition.  If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost.  Said costs shall become additional rent.

f.  Smoking ____ will or _x_ will not be permitted in or about the Premises.  TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. **ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD.  If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent.  TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

a.  **DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so

Property _7612  Borealis St_                                    _Las Vegas_        NV    _89123_
Owner's Name         _Hao Lin_              Owner's Name              _Hao_
Tenant        _Kwang Bin Na_      Initials _K.N._   Tenant                      Initials _____
Tenant _____  Initials _____   Tenant                      Initials _____

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com

1   by TENANT, TENANT's family, licensees or guests. Noncompliance with the Governing Documents shall constitute
2   a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered
3   as additional rent and shall be due along with the next monthly payment of rent. By initialing this paragraph, TENANT
4   acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense,
5   shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD
6   may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use
7   of the Premises and of the common areas (if any). [_____] [_____] [_____] [_____]
8
9   **29. INVENTORY:** It is agreed that the following inventory is now on said premises. (Check if present; cross out if
10  absent.)
11
12  _✗_ Refrigerator              ___ Intercom System            ___ Spa Equipment
13  _✗_ Stove                     _✗_ Alarm System               _✗_ Auto Sprinklers
14  _✗_ Microwave                 ___ Trash Compactor            _✗_ Auto Garage Openers
15  _✗_ Disposal                  _✗_ Ceiling Fans               ___ BBQ
16  _✗_ Dishwasher                ___ Water Conditioner Equip.   ___ Solar Screens
17  _✗_ Washer                    _✗_ Dryer                      ___ Pool Equipment
18  _✗_ Garage Opener             ___ Gate Remotes               _✗_ Carpet
19  _✗_ Trash Can(s) (circle one) owner provided / trash service provided
20  ___ Floor Coverings (specify type) _____
21  ___ Window Coverings (specify type) _____
22  ___   _____   ___   _____   ___   _____
23  ___   _____   ___   _____   ___   _____
24  ___   _____   ___   _____   ___   _____
25  TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience;
26  however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager,
27  LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to
28  include spoilage of food, beverage or clothing etc. as a result of said appliance break down.
29
30  **30. INSURANCE:** TENANT __✗__ **is –OR–** _____ **is not** required to purchase renter's insurance. LANDLORD
31  BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such
32  policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property
33  occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and
34  hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does
35  not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by
36  fire or other casualty not due to TENANTs negligence or willful act, or that of TENANT's family, agent, or visitor,
37  there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises
38  is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent
39  shall be prorated up to the time of the damage.
40
41  TENANT hereby acknowledges that the OWNER of the subject property does _✗_ or does not ___ have homeowner's
42  insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant
43  matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact
44  OWNER's insurance coverage under said policy.
45
46  **31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or
47  maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance.
48  Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a

| Property | 7612 Borealis St | | Las Vegas | NV | 89123 |
|---|---|---|---|---|---|
| Owner's Name | Hao Lin | | Owner's Name | _Hao_ | |
| Tenant | Kwang Bin Na | Initials _K.N._ | Tenant | | Initials ____ |
| Tenant | | Initials ____ | Tenant | | Initials ____ |

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
ywy2k800@gmail.com

Instanet

misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c. The Premises _____ **will –OR–** __x__ **will not** be freshly painted before occupancy. If not freshly painted, the Premises _____ **will –OR–** __x__ **will not** be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than ___5___ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in

| Property | 7612 Borealis St | | | Las Vegas | | NV | 89123 |
|---|---|---|---|---|---|---|---|
| Owner's Name | | Hao Lin | | Owner's Name | Hao | | |
| Tenant | | Kwang Bin Na | Initials K.N. | Tenant | | Initials | |
| Tenant | | | Initials | Tenant | | Initials | |

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com

writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i. DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, N/A _____ is a licensed real estate agent in the State(s) of **N/A** _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) –OR– ☐ family relationship or business interest: **N/A** _____.

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

| Property | 7612 Borealis St | | | Las Vegas | NV | 89123 |
|---|---|---|---|---|---|---|
| Owner's Name | Hao Lin | | Owner's Name | Hao | | |
| Tenant | Kwang Bin Na | Initials K.N. | Tenant | | Initials | |
| Tenant | | Initials | Tenant | | Initials | |

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com

Instanet

1  TENANT's Brokerage: __America's Choice Realty LLC__ Broker's Name: _____ Richard W Byrd_____
2  DESIGNATED PROPERTY MANAGER_____
3  Agent's Name: _____ David M Webster_____  Agent's License # _____ S.0172735_____
4  Address: __8867 W Flamingo Rd Ste 200-A_____ Las Vegas _____ NV ___89147___
5  Phone: _____702-468-4878_____ Fax: _____ Email: __info@websterforce.com__
6
7  LANDLORD's Brokerage: _____ Broker's Name: _____
8  DESIGNATED PROPERTY MANAGER_____
9  Agent's Name: _____  Agent's License # _____
10  Address: _____
11  Phone: _____ Fax: _____ Email: _____
12
13  **43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection
14  with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:
15
16  BROKERAGE: _____
17  BROKER: _____
18  DESIGNATED PROPERTY MANAGER: _____
19  Address: _____
20  Phone: _____ Fax: _____ Email: _____
21
22  TENANT: __Kwang Bin Na_____
23  Address: __7612 Borealis St_____ Las Vegas _____ NV ___89123___
24  Phone: _____213-400-7934_____ Fax: _____ Email: __calvin.na@gmail.com__
25
26  **44. MILITARY PROVISION:** IN THE EVENT the TENANT is, or hereafter becomes, a member of the United
27  States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders
28  to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the
29  military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon
30  giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a
31  copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which
32  warrants termination under this clause. The TENANT will pay prorated rent for any days (he/she) occupy the premises
33  past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no
34  damages to the premises, as described by law.
35
36  **45. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other
37  information:
38    A. ✗   Lease Addendum for Drug Free Housing
39    B. ✗   Lease Addendum for Illegal Activity
40    C. ✗   Smoke Detector Agreement
41    D. ⎯   HOA Rules and Regulations
42    E. ✗   Other: ____Property Condition Report____
43    F.      Other: _____
44    G. ⎯   Other: _____
45    H.      Other: _____
46

Property __7612 Borealis St_____ Las Vegas _____ NV ___89123___
Owner's Name _____Hao Lin_____    Owner's Name _____Hao_____
Tenant _____Kwang Bin Na_____  Initials _K.N._    Tenant _____ Initials _____
Tenant _____ Initials _____    Tenant _____ Initials _____

*This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 | ywy2k800@gmail.com*

Instanet

46.    ADDITIONAL TERMS AND CONDITIONS:
This is just a courtesy lease prepared for the owner. BluePrint Realty is not managing this
property.

Landlord agrees to rent the Premises on the above terms and conditions.


_Hao Lin_____ 8/15/19___    _____
LANDLORD/OWNER            DATE          LANDLORD/OWNER                  DATE
OR Landlord's Authorized NRS 645        OR Landlord's Authorized NRS 645
Permitted Property Manager              Permitted Property Manager

Hao Lin_____        _____
PRINT NAME                              PRINT NAME

Tenant agrees to rent the Premises on the above terms and conditions.


_[signature]_____ 8/15/19    _____
TENANT'S SIGNATURE        DATE          TENANT'S SIGNATURE              DATE
     Kwang Bin Na
PRINT NAME                              PRINT NAME


_____        _____
TENANT'S SIGNATURE        DATE          TENANT'S SIGNATURE              DATE

PRINT NAME                              PRINT NAME

| Real Estate Brokers and Designated Property Managers: |
|---|
| A. Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and Tenant. |
| B. Agency relationships are confirmed in paragraph 42. |

Property  7612  Borealis St                                    Las Vegas      NV    89123
Owner's Name            Hao Lin          Owner's Name        _Hao_
Tenant       Kwang Bin Na      Initials K.N.   Tenant                       Initials
Tenant                       Initials          Tenant                       Initials

Residential Lease Agreement Rev 07.19        © 2019 Greater Las Vegas Association of REALTORS®          Page 12 of 12

This form presented by Mr. Wenye Yan | BluePrint Realty LLC | 7028430561 |
ywy2k800@gmail.com                                                        Instanet





BLUEPRINT
REALTY

## LEASE ADDENDUM FOR DRUG FREE HOUSING
for

7612  Borealis St                                      Las Vegas            NV    89123
(Property Address)

In consideration of the execution or renewal of a lease of the dwelling unit identified in the lease, Landlord and Tenant agree as follows:

1.  Tenant, any member of Tenant's household, or a guest or other person under Tenant's control shall not engage in criminal activity, including drug-related criminal activity, on or near the subject leasehold premises. "Drug-related criminal activity" means the illegal manufacture, sale distribution, use or possession with intent to manufacture, sell, distribute, or use, of controlled substance (as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. §802).

2.  Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control, shall not engage in any act intended to facilitate criminal activity, including drug-related criminal activity, on or near the subject leasehold premises.

3.  Tenant or members of the household will not permit the dwelling unit to be used for or to facilitate criminal activity, including drug-related criminal activity, regardless of whether the individual engaging in such activity is a member of the household or a guest.

4.  Tenant or member of the household will not engage in the manufacture, sale or distribution of illegal drugs at any location, whether on or near the subject leasehold premises or otherwise.

5.  Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control shall not engage in acts of violence, including, but not limited to the unlawful discharge of firearms, on or near the subject leasehold premises.

6.  VIOLATION OF THE ABOVE PROVISIONS SHALL BE A MATERIAL VIOLATION OF THE LEASE AND GOOD CAUSE FOR TERMINATION OF TENANCY. A single violation of any of the provisions of the addendum shall be deemed a serious violation and a material noncompliance with the lease. It is understood and agreed that a single violation shall be cause for termination of the lease. Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by a preponderance of the evidence.

7.  In case of conflict between the provisions of this addendum and any other provisions of the lease, the provisions of the addendum shall govern.

8.  This addendum is incorporated into the lease executed or renewed this day between Landlord and Tenant.

_____   8/15/19
LANDLORD/OWNER            DATE          LANDLORD/OWNER            DATE
OR Authorized Signatory                OR Authorized Signatory
Hao Lin
PRINT NAME                             PRINT NAME

_____   8/15/19
TENANT'S SIGNATURE        DATE          TENANT'S SIGNATURE        DATE
Kwang Bin Na
PRINT NAME                             PRINT NAME

_____
TENANT'S SIGNATURE        DATE          TENANT'S SIGNATURE        DATE

PRINT NAME                             PRINT NAME

Lease Addendum for Drug Free Housing Rev. 10.2016          © 2016 Greater Las Vegas Association of REALTORS

This form presented by Mr. Wenye Yan | BluePrint Realty
LLC | 7028430561 | vwv2k800@gmail.com                Instanet



BLUEPRINT
REALTY



EQUAL HOUSING
OPPORTUNITY

# SMOKE DETECTOR AGREEMENT
## FOR

<u>7612 Borealis St</u>                    <u>Las Vegas    NV    89123</u>

Property Address

In reference to the Residential Lease Agreement ("Lease Agreement") executed by

OWNER'S    Name:_____<u>Hao Lin</u>_____,    OWNER'S    Name:_____ and

TENANT's Name:_____<u>Kwang Bin Na</u>_____    TENANT's Name: _____

TENANT's Name:_____    TENANT's Name: _____

dated ____<u>08/15/2019</u>____ covering the above-referenced real property, the parties hereby agree that the Lease Agreement be amended as follows:

Landlord and Tenant agree that the premises are equipped with smoke detection device(s). Tenant shall agree as follows:

1.  It is agreed that Tenant will test the smoke detector(s) within twenty four (24) hours after occupancy and inform Landlord or his/her Agent immediately if detector(s) is not working properly.

2.  It is agreed that Tenant will be responsible for testing smoke detector(s) weekly by pushing the "push to test" button on the detector for about five (5) seconds.  To be operating properly, the alarm will sound when the button is pushed.

3.  Tenant understands that said smoke detector(s) is a battery operated unit and it shall be Tenant's responsibility to insure that the battery is in operating condition at all times.  If after replacing battery, any smoke detector(s) will not operate or has no sound, Tenant must inform Landlord or his/her Agent immediately in writing.

4.  Landlord and his/her Agent recommend that Tenant provide and maintain a fire extinguisher on the premises.

5.  The undersigned have read the above agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of said agreement.

6.  Tenant shall not under any circumstances remove, disable or tamper with any smoke detection device(s).

_Hao Lin_                    _8/15/19_        _____
LANDLORD/OWNER            DATE                LANDLORD/OWNER                DATE
Print Name: Hao Lin_____                Print Name: _____

_(signature)_                _8/15/19_        _____
TENANT'S SIGNATURE            DATE            TENANT'S SIGNATURE            DATE
Print Name: Kwang Bin Na_____                Print Name: _____

_____             _____
TENANT'S SIGNATURE            DATE            TENANT'S SIGNATURE            DATE
Print Name: _____                    Print Name: _____

This form presented by Mr. Wenye Yan | BluePrint Realty,
LLC | 7028430561 | ywy2k800@gmail.com              Instanet





**BLUEPRINT REALTY**
PROVIDING THE VISION FOR ALL YOUR REAL ESTATE NEEDS

# LEASE ADDENDUM FOR ILLEGAL ACTIVITY
## FOR

7612  Borealis St                                    Las Vegas        NV      89123
Property Address

In consideration of the execution or renewal of a lease of the Property, Landlord and Tenant hereby agree that the Residential Lease Agreement dated  __08/15/19__  be amended as follows:

1. Tenant and any member of Tenant's household or any guest shall not engage in any criminal or illegal activity, including but not limited to, illegal drug related activity, gang related activity or acts of violence on or near the subject Premises (as defined in the above-referenced Residential Lease Agreement). "Drug-related criminal activity" means the illegal manufacture, sale, distribution, use or possession with intent to manufacture, sell, distribute, or use, of controlled substance (as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. §802). "Acts of violence" includes, but is not limited to, the unlawful discharge of firearms, on or near the Premises. Any and all firearms on the Premises must be stored properly pursuant to Nevada law.

2. Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control, shall not engage in any act intended to facilitate criminal activity, including drug-related criminal activity, on or near the subject Premises.

3. Tenant or members of the household will not permit the Premises to be used for or to facilitate criminal activity, including drug-related criminal activity, regardless of whether the individual engaging in such activity is a member of the household or a guest.

4. VIOLATION OF THE ABOVE PROVISIONS SHALL BE A MATERIAL BREACH OF THE LEASE AGREEMENT AND GOOD CAUSE FOR TERMINATION OF TENANCY.  A single violation of any of the provisions of the addendum shall be deemed a serious violation and a material noncompliance with the lease.  It is understood and agreed that a single violation shall be cause for termination of the lease.  Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by a preponderance of the evidence.

5. In case of conflict between the provisions of this addendum and any other provisions of the Lease Agreement, the provisions of the addendum shall govern. This lease addendum is incorporated into the lease executed or renewed this day between Landlord and Tenant.

| _____ | 8/15/19 | _____ | _____ |
| LANDLORD/OWNER | DATE | LANDLORD/OWNER | DATE |
| OR Authorized Signatory | | OR Authorized Signatory | |
| Hao Lin | | | |
| PRINT NAME | | PRINT NAME | |

| _____ | 8/15/19 | _____ | _____ |
| TENANT'S SIGNATURE | DATE | TENANT'S SIGNATURE | DATE |
| Kwang Bin Na | | | |
| PRINT NAME | | PRINT NAME | |

| _____ | _____ | _____ | _____ |
| TENANT'S SIGNATURE | DATE | TENANT'S SIGNATURE | DATE |
| PRINT NAME | | PRINT NAME | |

This form presented by Mr. Wenye Yan | BluePrint Realty LLC
| 7028430561 | vwv2k800@gmail.com                                    Instanet